# Exhibit 1

## MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG
LISA ZORNBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

_____

WRITER'S CONTACT INFORMATION

jsack@maglaw.com
(212) 880-9410

March 18, 2025

COUNSEL
JOSHUA BUSSEN
PIPPA HYDE***
_____
RETIRED/PARTNER EMERITUS
PAUL R. GRAND
_____
ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT
***ALSO ADMITTED IN ENGLAND AND WALES

**By Email (peter.davis2@usdoj.gov & thomas.burnett@usdoj.gov)**
Peter J. Davis, Esq.
Thomas Burnett, Esq.
Assistant United States Attorneys
Southern District of New York
United States Department of Justice
26 Federal Plaza
New York, NY 10278

Re:     *United States v. Leech*, No. 24-cr-658 (GHW)

Dear Peter and Tom:

I write to request a Bill of Particulars identifying the specific trades that our client, S. Kenneth Leech II, is alleged to have misallocated pursuant to the scheme charged in the Indictment.

The Indictment in this case spans approximately 33 months, during which we understand Mr. Leech allocated tens of thousands of Treasury Futures and Options trades for accounts managed by the Western Asset Management Company. The Indictment does not identify which of these trades Mr. Leech is alleged to have misallocated in the alleged cherry-picking scheme. Based on our initial review, this information does not appear in the discovery produced to date.

Please identify each trade the government alleges Mr. Leech misallocated by date, instrument, unique Trade ID number, and accounts to which the trade was allocated.

As you know from our pre-Indictment discussions, this information is essential to our ability to prepare effectively for trial. *See United States v. Bortnovsky*, 820 F.2d 572, 573–74 (2d Cir. 1987) (per curiam) (the purpose of a bill of particulars is to "identify with sufficient particularity the nature of the charge pending . . . thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy"); *United States v. Savin*, 00 Cr. 45 (RWS), 2001 WL 243533, at *3 (S.D.N.Y. Mar. 7, 2001) (granting motion for bill of particulars so that defendant would not be "forced to comb through [a] veritable mountain of

Mᴏʀᴠɪʟʟᴏ Aʙʀᴀᴍᴏᴡɪᴛᴢ Gʀᴀɴᴅ Iᴀsᴏɴ & Aɴᴇʟʟᴏ P. C.

Peter J. Davis, Esq.
Thomas Burnett, Esq.
March 18, 2025
Page 2

[discovery] documents and to attempt to guess which of the numerous transactions documented therein, and conducted over a six-year period, [were] alleged by the government to have been improper"); *United States v. Nachamie*, 91 F. Supp. 2d 565, 570–76 (S.D.N.Y. 2000) (granting motion for bill of particulars in Medicare billing fraud case and ordering the government to identify which claims it alleged were fraudulently made).

I am making this request based on our preliminary review of the initial tranches of the discovery you have provided and without prejudice to requests for additional particulars following our review of the full discovery production.

I ask that the information requested in this letter be provided as soon as possible and, in any event, no later than April 11, 2025.  If necessary, we are available to meet to confer regarding this request.

Very truly yours,

/s/ *Jonathan S. Sack*
Jonathan S. Sack