# Exhibit 8



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javitz Building*
*26 Federal Plaza*
*New York, New York 10278*

February 6, 2025

**BY EMAIL**

Jonathan S. Sack, Esq.
Jeremy Temkin, Esq.
Morvillo Abramowitz Grand Iason & Anello PC
565 Fifth Avenue
New York, NY. 10017

Re:    *United States v. S. Kenneth Leech, II*, 24 Cr. 658 (GHW)

Dear Counsel:

We write in response to your letter dated September 24, 2024, seeking information about our procedures to ensure that members of the prosecution team do not review potentially privileged information in the execution of certain search warrants. There is no legal basis for requiring the disclosure of information about the processes and procedures for conducting filter reviews. *United States v. Weigand*, 482 F. Supp. 3d 224, 246 (S.D.N.Y. 2020) ("Under these circumstances, a 'taint protocol' is not 'material to preparing the defense' and so does not fall within the scope of Rule 16(a)(1)(E)."). Nonetheless, as a courtesy and to assist your preparation and analysis, the Government provides below certain information related to the filter review of the returns of the search warrants executed in this case to date.

As you know, in early 2024, the Government obtained warrants authorizing the Government to receive and search data from some of defendant Kenneth Leech's Apple and Google accounts. When the Government received data from Apple and Google pursuant the warrants (respectively, the "Apple Returns" and the "Google Returns"), the prosecution team sent that data to a filter team under the supervision of AUSA Molly Canick, the Office's Privilege Review Coordinator (the "Filter Team") to screen potentially privileged material prior to the case team's responsiveness review. The case team did not conduct any responsiveness review prior to the Filter Team's initial screen.

The Filter Team applied search terms to identify potentially privileged materials[1] including using both common legal terms and terms specifically derived from attorneys and law firms representing Leech, Western Asset Management Company, and Franklin Templeton. The Filter Team also implemented other review techniques, including manual review, to identify potentially privileged materials that might not be captured by the search terms. The Filter Team released to the prosecution team the items that the Filter Team did not identify as potentially privileged. As

---

[1] For purposes of the Filter Team's review, potentially privileged materials did not include materials protected by marital privilege.

the Filter Team identified potentially privileged materials, it segregated them so the prosecution team could not access them.

The Filter Team released data from the Google Returns in April 2024 and released data from the Apple returns in August 2024. The prosecution team commenced its responsiveness review after each release. As is the Government's usual practice, the Filter Team and the prosecution team agreed that, if members of the prosecution team identified any material during the responsiveness review that appeared to be potentially privileged, the prosecution team would immediately pause its review and notify the Filter Team, so the Filter Team could conduct a supplemental privilege review, if necessary. The prosecution team and Filter Team followed this protocol each time the prosecution team encountered materials that appeared to be potentially privileged.

In or around the beginning of September 2024, the prosecution team paused its review of materials from the Apple and Google Returns to have further dialogue with defense counsel about materials defense counsel believed may be potentially privileged before the prosecution team completed its responsiveness review. On September 9, 2024, to aid supplemental screening of the materials by the Filter Team, the prosecution team asked your firm to provide a list of names and contact information with whom Leech may have had privileged communications. Your firm provided a response on September 24, 2024. On November 4, 2024, the Filter Team sent your firm extractions containing portions of the Apple and Google Returns, and the prosecution team sent a letter asking your firm to identify materials over which Leech was asserting privilege and to produce a privilege log. Your firm complied with that request through letters and productions sent to the Government on November 24 and December 20, 2024. The prosecution team provided the Filter Team with your responses.

After considering your September 24 and November 4 letters, the Filter Team segregated all materials over which you asserted privilege that had not previously been restricted and released to the prosecution team any materials over which you had not asserted privilege. Following this supplemental review, the prosecution team resumed the responsiveness review it had paused in early September. The Filter Team's decision to release only the materials over which you have not asserted privilege does not reflect agreement with your privilege assertions and, in fact, certain of your assertions of privilege appear on their face to be unsupported by law. The Filter Team and the prosecution team are continuing to evaluate your privilege assertions and will be following up with questions to help facilitate that process.

The Government remains available to confer further on any of the topics discussed above.


Very truly yours,

DANIELLE R. SASSOON
United States Attorney


By: _s/_____
     Peter Davis
     Thomas Burnett
     Assistant United States Attorneys