# Exhibit 10



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javitz Building*
*26 Federal Plaza*
*New York, New York 10278*

June 11, 2025

**BY EMAIL**

Jonathan S. Sack, Esq.
Jeremy Temkin, Esq.
Morvillo Abramowitz Grand Iason & Anello PC
565 Fifth Avenue
New York, NY. 10017

> **Re:** ***United States v. S. Kenneth Leech, II**, 24 Cr. 658 (GHW)*

Dear Counsel:

We write in response to your April 7, 2025 letter regarding the defendant's privilege assertions and requests for additional information about the Office's filter process. As set forth below, your assertion that the Government has been "deficient" in conducting its privilege review is wrong: the Government undertook its review in good faith and comported with a reasonable review protocol to contend with potentially privileged materials as they were encountered. It is not clear, however, that any of the now-screened materials previously viewed by the Prosecution Team are, in fact, privileged, as they principally consist of a range of non-lawyer communications, including communications between your client and son and others sent to himself.[1]

## I. The Defendant's Privilege Assertions

### A. Communications Between Leech and Designated Non-Attorney Agents

The defendant has asserted attorney-client privilege over communications between the defendant and many people he has designated as non-attorney agents. We understand that the defendant's position is that "[t]hese communications were made in connection with matters relating to counsel's provision of legal advice to Mr. Leech." (April 7, 2025 Letter at 7-8.)

We recognize that the attorney-client privilege can extend to communications between a client and a non-lawyer when the purpose of the communication is "to clarify communications between attorney and client." *United States v. Ackert*, 169 F.3d 136, 139 (2d Cir. 1999). The Second Circuit has applied the privilege to a communication between a client and an accountant,

---

[1] In its prior letter, the Government asked for additional support for the defendant's assertion of privilege over his Google search history, but included the incorrect Bates number. That document is assigned Bates number USAO_GOOGLE_01_00040711 in the privilege log. We maintain our request for the basis for this claim as well as for your claim over USAO_GOOGLE_01_0000009.

for example, reasoning that "[a]ccounting concepts are a foreign language to some lawyers in almost all cases, and to almost all lawyers in some cases" and therefore that "the presence of the accountant is necessary, or at least highly useful, for the effective consultation between the client and the lawyer which the privilege is designed to permit." *United States v. Kovel*, 296 F.2d 918, 922 (2d Cir. 1961).

"Nevertheless, the extension has always been a cabined one, and to that end, the privilege protects communications between a client and an attorney, not communications that prove important to an attorney's legal advice to a client." *United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011) (quotation marks and alterations omitted). Accordingly, the principle of *Kovel* "has no application" where the attorney "was not relying on [the third-party] to translate or interpret information given to [the attorney] by his client" but instead to provide information that the client "did not have." *Ackert*, 169 F.3d at 139-40. In other words, where the third-party's "role was not as a translator or interpreter of client communications, the principle of *Kovel* does not shield his discussions with" the attorney. *Id*. at 140; *see also Nat'l Educ. Training Grp., Inc. v. Skillsoft Corp.*, No. M8-85 (WHP), 1999 WL 378337, at *2 (S.D.N.Y. June 10, 1999) (noting that the "'necessity' element means more than just useful and convenient, but rather requires that the involvement of the third party be nearly indispensable or serve some specialized purpose in facilitating the attorney-client communications").

Can you please clarify whether the defendant continues to assert privilege over all of the communications between the defendant and non-attorney agents, including those communications that do not involve his attorneys? If so, please provide additional information to demonstrate that these communications meet the *Kovel* and *Ackert* standard. *See, e.g.*, *United States v. Correia*, 468 F. Supp. 3d 618, 621 (S.D.N.Y. 2020) (citing *United States v. Int'l Bhd. of Teamsters*, 119 F.3d 210, 214 (2d Cir. 1997) (burden of establishing all the elements of attorney-client privilege rests with the party asserting it). If the answers to these questions themselves implicate privilege concerns, the defendant can provide responses only to the Filter Team.

## B. Leech's Notes to Himself

We understand that the defendant is asserting "attorney work product" protection over emails the defendant sent to himself "insofar as Mr. Leech prepared them to memorialize thoughts relating to the Trade Allocation Matters (in anticipation of litigation relating to the Trade Allocation Matters) and forwarded them to himself or (intentionally or unintentionally) saved them as drafts for future reference." (Letter at 10.)

We disagree with the premise that the defendant's notes to himself are protected by the work-product doctrine simply because they relate to the "Trade Allocation Matter." The work product doctrine, which is distinct from the attorney-client privilege, "provides qualified protection for materials prepared by or at the behest of counsel in anticipation of litigation or for trial." *In re Grand Jury Subpoenas Dated March 19, 2022 and August 2, 2002*, 318 F.3d 379, 383 (2d Cir. 2003). "[T]he party invoking [the work product doctrine] bears the burden of establishing its applicability," and the "burden is a heavy one," in light of the "fundamental maxim . . . that the public has a right to every man's evidence." *In re Grand Jury Subpoenas*, 318 F.3d at 384. The Second Circuit has held that documents created by non-lawyers are "not protected by the attorney

work-product doctrine" simply because "they may have been created because of the prospect of litigation." *Bice v. Robb*, 511 F. App'x 108, 110 (2d Cir. 2013).

Under the plain language of *Bice*, the defendant's notes to himself fall outside the scope of work-product protections. And while some lower courts have, in the civil context, interpreted *Bice* narrowly in light of Federal Rule of Civil Procedure 26, cases have not shielded a party's "personal diaries or logs" because they are "generally relevant and do not constitute work-product." *Swinton v. Livingston Cnty.*, No. 15 Civ. 00053A(F), 2016 WL 6248675, at *3 (W.D.N.Y. Oct. 26, 2016). To this end, courts have allowed disclosure of a party's notes. *See, e.g.*, *Robbins v. Chase Manhattan Bank, N.A.*, No. 97 Civ. 0676 (DAB), 1998 WL 106152, at *1-2 (S.D.N.Y. Mar. 9, 1998) (finding no work product production over a plaintiff's notes because, "neither of the purposes underlying the work product doctrine are implicated," and "[e]ven if Ms. Robbins had begun recording her experiences at the suggestion of her attorney rather than either at the behest of the SDHR representative or on her own initiative, her notes would not have been protected"); *Rexford v. Olczak*, 176 F.R.D. 90, 93 (W.D.N.Y. 1997) (allowing discovery of a plaintiff's diary because the "contemporaneous account of meetings, conversations and other events central to the issues in this case provide relevant evidence that may be useful for impeachment or other trial preparation purposes" and they "contain[] no 'mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation'").

In light of the Second Circuit's decision in *Bice*, we respectfully request that you withdraw your privilege assertion over the defendant's messages to himself. If you do not do so, please provide additional evidence to support your claim that these messages were work product in anticipation of litigation rather than "personal diaries or logs" describing the defendant's trading practices. *See, e.g.*, *Swinton*, 2016 WL 6248675, at *3; Indictment at ¶ 19(i)(iii) (alleging that the defendant continued to allocate trades to Macro Opps through July 2024).

### C. Spousal Privilege Claims

You also continue to assert as confidential marital communications with his wife, Eileen, including those that included other participants (or initially included other participants). The marital communications privilege is a purely evidentiary one that does not implicate constitutional concerns. *See, e.g.*, *United States v. Lefkowitz*, 618 F.2d 1313, 1318 n.8 (9th Cir. 1980) (rejecting argument that marital communications privilege is grounded in Constitution and therefore subject to "taint" analysis). Nonetheless, although it is under no obligation to do so, the Filter Team has segregated all materials that the defendant claims fall under the marital communications privilege, and the Government will not seek to introduce any of these communications at trial.

## II. The Filter Process

In your April 7, 2025 letter, you requested additional information about the Government's filter-review process. As we noted in our February 6, 2025 letter (the "February 6 Letter")[2] describing the filter-review process, "[t]he use of a filter team is a common procedure in this District and has been deemed adequate in numerous cases to protect attorney-client

---

[2] This letter will used the same defined terms as in the February 6, 2025 letter.

communications." *In re Search Warrants Executed on April 28, 2021*, No. 21 Misc. 425 (JPO), 2021 WL 2188150, at *2 (S.D.N.Y. May 28, 2021) (citing *United States v. Blakstad*, No. 19 Cr.486 (ER), 2020 WL 5992347, *8 (S.D.N.Y. Oct. 9, 2020); *United States v. Ceglia*, No. 12 Cr. 876 (VSB), 2015 WL 1499194, *1 (S.D.N.Y. Mar. 30, 2015)).

Contrary to the assertion in your letter, the use of filter teams in this Circuit is a common and appropriate practice without prior authorization from a court or consultation with defense counsel. The cases you rely on in this District are in the context of searches conducted of an attorney, searches of legal files, searches conducted after charging, or searches conducted overtly. *See, e.g.*, *United States v. Kaplan*, No 02 Cr.883(DAB), 2003 WL 22880914, at *12 (S.D.N.Y. Dec. 5, 2003) (addressing search of defendant's law office that occurred after charging); *United States v. Avenatti*, 559 F. Supp. 3d 274, 276-77 (S.D.N.Y. 2021) (search of an attorney); *United States v. Feng Ling Liu*, No. 12 Cr. 934 (RA), 2014 WL 101672, at *1 (S.D.N.Y. Jan. 14, 2010) (search of law firms); *United States v. Grant*, No. 04 Cr. 207 (BSJ), 2004 WL 1171258, at *1 (S.D.N.Y. May 25, 2004) (warrant called for seizure of civil litigation materials including, "assessments of legal liability"); *United States v. Sharma*, No. 18 Cr. 340 (LGS), No. 18 Cr. 340 (LGS), 2019 WL 3802223, at *5 (S.D.N.Y. Aug. 13, 2019) (complaint filed March 31, 2018, warrants obtained on March 30, 2018 and returns received after that); *United States v. Combs*, No. 24 Cr. 542 (AS), 2025 WL 485377, at *1 (S.D.N.Y. Feb. 12, 2025) (sweep of charged defendant's jailcell); *United States v. Stewart*, No. 02 Cr. 396 JGK, 2002 WL 1300059, at *1 (S.D.N.Y. June 11, 2002) (search of defendant's law offices); *In re Search Warrant dated November 5, 2021*, No. 21 Misc. 813 (AT), 2021 WL 5845146 (S.D.N.Y. Dec. 8, 2021) (search warrant executed on residences that implicated potential "First Amendment" concerns); *Machel D. Cohen v. United States*, 18 Mag. 3161 (S.D.N.Y. April 26, 2018) (overt search of a lawyer for the President of the United States).[3] Moreover, the applicability of the out-of-circuit precedents criticizing filter teams, which you cite in your letter, has been rejected in this District. *See United States v. Avenatti*, No. 19 Cr. 374 (JMF), 2021 WL 4120539, at *4 (S.D.N.Y. Sept. 9, 2021) (approving of the use of filter teams and distinguishing non-binding precedents from outside the circuit).

The Government is under no obligation to provide additional information about the process and procedures for conducting filter reviews. *United States v. Weigand*, 482 F. Supp. 3d 224, 246 (S.D.N.Y. 2020) ("Under these circumstances, a 'taint protocol' is not 'material to preparing the defense' and so does not fall within the scope of Rule 16(a)(1)(E)."). Nonetheless, as a courtesy and to assist your preparation and analysis, the Government provides below additional information about the filter-review process.

The Government has acted reasonably, and in good faith, to respect the defendant's privilege, consistent with the public interest in pursuing the investigation that led to the defendant's indictment. This is evidenced by, among other things, the Government's implementation of a filter-review before the Prosecution Team reviewed any of the warrant returns; the Prosecution

---

[3] Indeed, in one of the cases you cite, *SEC v. Lek Securities Corp.*, No. 17 Civ. 1789 (DLC), 2018 WL 417596, at *1-2 (S.D.N.Y. Jan. 16, 2018), it appears that the filter team released documents to attorneys prior to any Court or defense involvement and it was only after the defendant "notified the SEC that an unsigned agreement among the produced documents might be privileged," that the parties sought court approval of a filter process.

Team's diligence in pausing its review whenever it came across a potentially privileged document; and the Prosecution Team's willingness to involve defense counsel in making privilege assertions prior to the case being charged. Each of these steps are evidence of the Prosecution Team (and Filter Team) acting in good faith to protect the defendant's privilege.

The filter-review process for the Google Returns shows how the Government acted reasonably and in good faith to respect the defendant's privilege. As explained in the February 6 Letter, the Filter Team used search terms and other review techniques to identify and segregate potentially privileged materials in the Google Returns and released the screened data to the Prosecution Team in April 2024. The Filter Team and the Prosecution Team agreed that, should members of the Prosecution Team identify any material during the responsiveness review that appeared to be potentially privileged, the Prosecution Team would immediately pause its review and notify the Filter Team, so the Filter Team could conduct a supplemental privilege review, if necessary.

The Prosecution Team and Filter Team implemented this protocol several times for the Google Returns, including on the following occasions:

- The Prosecution Team paused its review on or about April 19, 2024 and asked the Filter Team to review materials that might be privileged.[4] The Filter Team identified and segregated additional items as potentially privileged, then released the remaining materials to the Prosecution Team on or about April 22, 2024.

- The Prosecution Team paused its review on or about April 23, 2024 and asked the Filter Team to review materials that might be privileged. The Filter Team identified and segregated additional items as potentially privileged, then released the remaining materials to the Prosecution Team on or about April 26, 2024.

- The Prosecution Team paused its review on or about May 14, 2024 and asked the Filter Team to review materials that might be privileged. The Filter Team identified and segregated additional items as potentially privileged, then released the remaining materials to the Prosecution Team on or about May 15, 2024.

- The Prosecution Team paused its review on or about July 24, 2024 and asked the Filter Team to review materials that might be privileged. The Filter Team identified and segregated additional items as potentially privileged, then released the remaining materials to the Prosecution Team on or about July 29, 2024.

This process reasonably respected the defendant's privilege. Because all of the Google Returns were reviewed on the Relativity platform, the Government has been able to identify all items from the Google Return that a member of the Prosecution Team has viewed, and over which

---

[4] The fact that a member of the Prosecution Team paused its review and asked the Filter Team to review materials does not mean the document was reviewed by the Prosecution Team, either completely or in part.

the defense has asserted privilege.[5]  A spreadsheet identifying those documents is enclosed as Exhibit A.  Notably, none of the documents on Exhibit A appear to be communications between your client and an attorney.  As Exhibit A shows, all but 6 of the listed documents fall into one of three categories: (1) documents that the defendant is claiming as a confidential spousal communication; (2) communications between the defendant and non-attorneys claimed to be agents; (3) and communications between the defendant and himself.

As explained above and previously, the Government disagrees with the defendant's privilege assertions over categories two and three (and has segregated, treated as privileged, and will not introduce the documents you claim are confidential spousal communications).  Nonetheless, the Government is treating the materials as potentially privileged until the defense withdraws its privilege assertions or the Government obtains a ruling from the Court.  As for the 6 documents that did not fall into one of the three categories above, according to the Filter Team, they do not appear to include attorney-client communications.  Indeed, some of the documents appear to the Filter Team to be search history, the defendant's calendar, and standalone spreadsheets that may not implicate any privilege at all.[6]

The Government also diligently respected the defendant's privilege through the filter-review process for the Apple Returns.  As explained in the February 6 Letter, the Filter Team did not release data from the Apple Returns to the Prosecution Team until August 2024.  This allowed the Filter Team to use much of what it had learned from the review of the Google Returns in screening potentially privileged materials from the Apple Returns.  As with the Google Returns, the Filter Team and Prosecution Team agreed that, if members of the Prosecution Team identified any material during the responsiveness review that appeared to be potentially privileged, the Prosecution Team would immediately pause its review and notify the Filter Team, so the Filter Team could conduct a supplemental privilege review, if necessary.

The Prosecution Team and Filter Team implemented this protocol several times for the Apple Returns, including on the following occasions:

---

[5] The fact a member of the prosecution team "viewed" a document does not mean the document was reviewed, either completely or in part.

[6] Even if you were to credit all of defendant's assertions, courts have consistently recognized that such inadvertent disclosure of potentially privileged information to the Prosecution Team is not alone a basis for relief.  *See United States v. Trevor Milton*, No. 21 Cr. 478 (ER) (Sept. 8, 2022) (Tr. at 8) (denying defendant's request for an evidentiary hearing into the exposure of the prosecutors to potentially privileged materials, stating that "[i]nadvertent disclosure of potentially privileged information to the prosecution team is not alone a basis for relief."); *United States v. Lumiere*, No. 16 Cr. 483, 2016 WL 7188149, at *6 (S.D.N.Y. Nov. 29, 2016) (after-the-fact notice of potentially privileged documents did not render an earlier search invalid); *United States v. Dupree*, 781 F. Supp. 2d 115, 163 (E.D.N.Y. 2011) ("the mere fact that the government obtained privileged information does not mean it violated defendants' Sixth Amendment rights"); *United States v. Sharma*, No. 18 Cr. 340 (LGS), 2019 WL 3802223, at *5 (S.D.N.Y. Aug. 13, 2019) (denying a hearing where potentially privileged search warrant returns were inadvertently provided to the trial team).

- The Prosecution Team paused its review on or about August 9, 2024 and asked the Filter Team to review materials that might be privileged. The Filter Team identified and segregated additional items as potentially privileged, then released the remaining materials to the Prosecution Team on or about August 15, 2024.

- The Prosecution Team paused its review on August 15, 2024 and asked the Filter Team to review materials that might be privileged. The Filter Team identified and segregated additional items as potentially privileged, then released the remaining materials to the Prosecution Team on or about August 23, 2024.

- The Prosecution Team paused its review on August 29, 2024 and asked the Filter Team to review materials that might be privileged. The Filter Team identified and segregated additional items as potentially privileged, then released the remaining materials to the Prosecution Team on or about September 6, 2024.

Unlike the Google Returns, the Government is unable to similarly audit the items that the Prosecution Team viewed in the Apple Returns because the Apple Returns were primarily reviewed in the Cellebrite tool. However, our records indicate that the types of materials the Prosecution Team came across in the Apple Returns would fall into the same categories of materials that the Prosecution Team viewed in the Google Returns, including communications with non-attorneys claimed to be agents.

As explained in the February 6 Letter, in or around September 2024, the Prosecution Team paused its review of materials from the Apple and Google Returns to have further dialogue with defense counsel about materials defense counsel believed may be privileged before the Prosecution Team completed its responsiveness review. Since September 2024, the Government has reviewed only those documents that the defendant has confirmed are non-privileged in their privilege log and were released by the Filter Team as non-privileged to the Prosecution Team.[7]

---

[7] Unbeknownst to the Prosecution Team, and notwithstanding the Filter Team's request to disable the Prosecution Team's electronic access to these documents and confirmation of that request by the database manager, a subset of Apple returns remained viewable on Relativity until on or about October 21, 2024. Only one document in that subset over which you have claimed privilege, USAO_APPLE_01_00000450, was "viewed" by a member of the Prosecution Team, as reflected in Exhibit A. The "views" of the other documents listed in Exhibit A occurred on or before September 16, 2024.

In sum, the Government acted in good faith and made reasonable efforts to respect the defendant's privilege.

Very truly yours,

PERRY CARBONE
Attorney for the Government


By: s/_____
    Peter Davis
    Thomas Burnett
    Assistant United States Attorneys

# EXHIBIT A

| Potentially Privileged Document Viewed by Prosecution Team | Spousal | Personal Note | Non-Attorney Agent |
|---|---|---|---|
| USAO_APPLE_01_00000450 | | | |
| USAO_GOOGLE_01_00000009 | | | |
| USAO_GOOGLE_02_00000078 | | | X |
| USAO_GOOGLE_01_00001104 | | | X |
| USAO_GOOGLE_02_00000123 | | X | X |
| USAO_GOOGLE_02_00000124 | | X | |
| USAO_GOOGLE_02_00000149 | | | X |
| USAO_GOOGLE_02_00000150 | | | X |
| USAO_GOOGLE_02_00000154 | | | X |
| USAO_GOOGLE_02_00000161 | | | X |
| USAO_GOOGLE_01_00001993 | X | | |
| USAO_GOOGLE_01_00001994 | X | | |
| USAO_GOOGLE_01_00002074 | X | | |
| USAO_GOOGLE_02_00000270 | | | X |
| USAO_GOOGLE_01_00002257 | X | | |
| USAO_GOOGLE_01_00002258 | X | | |
| USAO_GOOGLE_01_00002284 | X | | |
| USAO_GOOGLE_02_00000296 | | X | |
| USAO_GOOGLE_01_00002423 | X | | |
| USAO_GOOGLE_01_00002601 | | | X |
| USAO_GOOGLE_01_00002850 | X | | |
| USAO_GOOGLE_01_00002851 | X | | |
| USAO_GOOGLE_01_00003140 | X | | |
| USAO_GOOGLE_01_00003141 | X | | |
| USAO_GOOGLE_01_00003390 | X | | |
| USAO_GOOGLE_01_00003398 | X | | |
| USAO_GOOGLE_01_00003513 | | | X |
| USAO_GOOGLE_01_00003532 | | | X |
| USAO_GOOGLE_01_00003544 | | | X |
| USAO_GOOGLE_01_00003585 | X | | |
| USAO_GOOGLE_01_00003596 | X | | |

| | | | |
|---|---|---|---|
| USAO_GOOGLE_01_00003704 | | X | |
| USAO_GOOGLE_01_00003765 | X | | |
| USAO_GOOGLE_01_00003963 | | X | |
| USAO_GOOGLE_01_00004153 | X | | |
| USAO_GOOGLE_01_00004594 | X | | |
| USAO_GOOGLE_01_00004595 | X | | |
| USAO_GOOGLE_01_00005039 | | X | |
| USAO_GOOGLE_01_00005328 | X | | |
| USAO_GOOGLE_02_00000886 | | | X |
| USAO_GOOGLE_02_00000887 | X | | |
| USAO_GOOGLE_02_00000955 | | | X |
| USAO_GOOGLE_02_00000959 | | X | |
| USAO_GOOGLE_02_00001046 | | | X |
| USAO_GOOGLE_02_00001047 | | | X |
| USAO_GOOGLE_02_00001170 | | | X |
| USAO_GOOGLE_01_00006567 | X | | |
| USAO_GOOGLE_01_00006676 | | | X |
| USAO_GOOGLE_02_00001188 | | | X |
| USAO_GOOGLE_01_00006950 | X | | |
| USAO_GOOGLE_01_00006951 | X | | |
| USAO_GOOGLE_01_00007863 | X | | |
| USAO_GOOGLE_01_00007949 | X | | |
| USAO_GOOGLE_01_00007950 | X | | |
| USAO_GOOGLE_02_00001408 | | X | X |
| USAO_GOOGLE_01_00009222 | | X | |
| USAO_GOOGLE_01_00010768 | X | | |
| USAO_GOOGLE_02_00001517 | | | X |
| USAO_GOOGLE_02_00001519 | | | X |
| USAO_GOOGLE_01_00011601 | X | | |
| USAO_GOOGLE_01_00011602 | X | | |
| USAO_GOOGLE_01_00011806 | X | | |

| | | | |
|---|---|---|---|
| USAO_GOOGLE_01_00013582 | X | | |
| USAO_GOOGLE_02_00001826 | | | X |
| USAO_GOOGLE_02_00001903 | | | X |
| USAO_GOOGLE_02_00001941 | | | X |
| USAO_GOOGLE_02_00001942 | | | X |
| USAO_GOOGLE_02_00001943 | | | X |
| USAO_GOOGLE_01_00014723 | X | | |
| USAO_GOOGLE_01_00014724 | X | | |
| USAO_GOOGLE_01_00014971 | X | | |
| USAO_GOOGLE_01_00014972 | X | | |
| USAO_GOOGLE_01_00015076 | X | | |
| USAO_GOOGLE_01_00015315 | X | | |
| USAO_GOOGLE_01_00015316 | X | | |
| USAO_GOOGLE_02_00001974 | | | X |
| USAO_GOOGLE_01_00015656 | | X | |
| USAO_GOOGLE_01_00015918 | X | | |
| USAO_GOOGLE_01_00015919 | X | | |
| USAO_GOOGLE_01_00016668 | X | | |
| USAO_GOOGLE_01_00016685 | X | | |
| USAO_GOOGLE_01_00017013 | X | | |
| USAO_GOOGLE_01_00017014 | X | | |
| USAO_GOOGLE_01_00017164 | X | | |
| USAO_GOOGLE_01_00017165 | X | | |
| USAO_GOOGLE_01_00017547 | X | | |
| USAO_GOOGLE_01_00017548 | X | | |
| USAO_GOOGLE_01_00018857 | X | | |
| USAO_GOOGLE_02_00002408 | | X | |
| USAO_GOOGLE_02_00002409 | | X | |
| USAO_GOOGLE_01_00025452 | | X | |
| USAO_GOOGLE_02_00002410 | | X | |
| USAO_GOOGLE_02_00002411 | | X | |

| | | | |
|---|---|---|---|
| USAO_GOOGLE_01_00025453 | | X | |
| USAO_GOOGLE_02_00002413 | | X | |
| USAO_GOOGLE_02_00002414 | | X | |
| USAO_GOOGLE_02_00002416 | | X | |
| USAO_GOOGLE_01_00025456 | | X | |
| USAO_GOOGLE_01_00025457 | | X | |
| USAO_GOOGLE_01_00025460 | | X | |
| USAO_GOOGLE_02_00002422 | | X | |
| USAO_GOOGLE_01_00025463 | | X | |
| USAO_GOOGLE_01_00025464 | | X | |
| USAO_GOOGLE_01_00025467 | | X | |
| USAO_GOOGLE_02_00002424 | | X | |
| USAO_GOOGLE_01_00025470 | | X | |
| USAO_GOOGLE_01_00025473 | | X | |
| USAO_GOOGLE_02_00002426 | | X | |
| USAO_GOOGLE_01_00025478 | | X | |
| USAO_GOOGLE_02_00002427 | | X | |
| USAO_GOOGLE_01_00025480 | | X | |
| USAO_GOOGLE_02_00002428 | | X | |
| USAO_GOOGLE_01_00025494 | | X | |
| USAO_GOOGLE_01_00025496 | | X | |
| USAO_GOOGLE_01_00025511 | | X | |
| USAO_GOOGLE_02_00002431 | | X | |
| USAO_GOOGLE_01_00025538 | | X | |
| USAO_GOOGLE_01_00025548 | | X | |
| USAO_GOOGLE_01_00025551 | | X | |
| USAO_GOOGLE_02_00002432 | | X | |
| USAO_GOOGLE_01_00025588 | | X | |
| USAO_GOOGLE_01_00025599 | | X | |
| USAO_GOOGLE_01_00025602 | | X | |
| USAO_GOOGLE_01_00025604 | | X | |

| | | | |
|---|---|---|---|
| USAO_GOOGLE_01_00025631 | | X | |
| USAO_GOOGLE_02_00002433 | | X | |
| USAO_GOOGLE_01_00025645 | | X | |
| USAO_GOOGLE_01_00025663 | | X | |
| USAO_GOOGLE_02_00002434 | | X | |
| USAO_GOOGLE_02_00002435 | | X | |
| USAO_GOOGLE_02_00002436 | | X | |
| USAO_GOOGLE_02_00002437 | | X | |
| USAO_GOOGLE_01_00025669 | | X | |
| USAO_GOOGLE_01_00025670 | | X | |
| USAO_GOOGLE_02_00002440 | | X | |
| USAO_GOOGLE_02_00002442 | | X | |
| USAO_GOOGLE_01_00025671 | | X | |
| USAO_GOOGLE_01_00025672 | | X | |
| USAO_GOOGLE_01_00025673 | | X | |
| USAO_GOOGLE_01_00025674 | | X | |
| USAO_GOOGLE_01_00025675 | | X | |
| USAO_GOOGLE_01_00025676 | | X | |
| USAO_GOOGLE_01_00025677 | | X | |
| USAO_GOOGLE_01_00025678 | | X | |
| USAO_GOOGLE_01_00025679 | | X | |
| USAO_GOOGLE_01_00025680 | | X | |
| USAO_GOOGLE_02_00002465 | | X | |
| USAO_GOOGLE_01_00025681 | | X | |
| USAO_GOOGLE_01_00025682 | | X | |
| USAO_GOOGLE_01_00025683 | | X | |
| USAO_GOOGLE_01_00025684 | | X | |
| USAO_GOOGLE_01_00025685 | | X | |
| USAO_GOOGLE_02_00002470 | | X | |
| USAO_GOOGLE_02_00002472 | | X | |
| USAO_GOOGLE_01_00025686 | | X | |

| | | | |
|---|---|---|---|
| USAO_GOOGLE_01_00025687 | | X | |
| USAO_GOOGLE_01_00025688 | | X | |
| USAO_GOOGLE_01_00025689 | | X | |
| USAO_GOOGLE_02_00002475 | | X | |
| USAO_GOOGLE_01_00025690 | | X | |
| USAO_GOOGLE_02_00002476 | | X | |
| USAO_GOOGLE_01_00040711 | | | |
| USAO_GOOGLE_02_00003619 | | X | |
| USAO_GOOGLE_01_00041954 | | X | |
| USAO_GOOGLE_01_00042301 | X | | |
| USAO_GOOGLE_01_00042553 | X | | |
| USAO_GOOGLE_01_00042554 | X | | |
| USAO_GOOGLE_01_00042650 | X | | |
| USAO_GOOGLE_02_00003890 | | | X |
| USAO_GOOGLE_02_00003893 | | | |
| USAO_GOOGLE_02_00003897 | | | X |
| USAO_GOOGLE_01_00043603 | X | | |
| USAO_GOOGLE_01_00043622 | X | | |
| USAO_GOOGLE_02_00004005 | | | X |
| USAO_GOOGLE_01_00043747 | X | | |
| USAO_GOOGLE_02_00004009 | | X | |
| USAO_GOOGLE_01_00043939 | X | | |
| USAO_GOOGLE_01_00043940 | X | | |
| USAO_GOOGLE_01_00045031 | X | | |
| USAO_GOOGLE_01_00045032 | X | | |
| USAO_GOOGLE_01_00045252 | X | | |
| USAO_GOOGLE_01_00045342 | X | | |
| USAO_GOOGLE_01_00045621 | X | | |
| USAO_GOOGLE_02_00004235 | | | X |
| USAO_GOOGLE_02_00004237 | | | X |
| USAO_GOOGLE_02_00004247 | | | X |

| | | | |
|---|---|---|---|
| USAO_GOOGLE_01_00046317 | X | | |
| USAO_GOOGLE_01_00046318 | X | | |
| USAO_GOOGLE_01_00047835 | | | X |
| USAO_GOOGLE_01_00048856 | X | | |
| USAO_GOOGLE_01_00049611 | X | | |
| USAO_GOOGLE_01_00050392 | X | | |
| USAO_GOOGLE_02_00004633 | | | X |
| USAO_GOOGLE_02_00004649 | | X | X |
| USAO_GOOGLE_02_00004652 | | | X |
| USAO_GOOGLE_02_00004656 | | | X |
| USAO_GOOGLE_01_00051216 | X | | |
| USAO_GOOGLE_02_00004809 | | | X |
| USAO_GOOGLE_01_00053179 | X | | |
| USAO_GOOGLE_01_00053295 | X | | |
| USAO_GOOGLE_01_00053296 | X | | |
| USAO_GOOGLE_01_00053543 | | X | |
| USAO_GOOGLE_02_00005056 | | | X |
| USAO_GOOGLE_02_00005060 | | | |
| USAO_GOOGLE_01_00054079 | X | | |
| USAO_GOOGLE_01_00054098 | X | | |
| USAO_GOOGLE_01_00054356 | X | | |
| USAO_GOOGLE_01_00054376 | X | | |
| USAO_GOOGLE_01_00054750 | X | | |
| USAO_GOOGLE_01_00054838 | X | | |
| USAO_GOOGLE_01_00054839 | X | | |
| USAO_GOOGLE_02_00005315 | X | | |
| USAO_GOOGLE_01_00056249 | | X | |
| USAO_GOOGLE_01_00062393 | X | | |
| USAO_GOOGLE_01_00062394 | X | | |
| USAO_GOOGLE_02_00005770 | | X | |
| USAO_GOOGLE_02_00005773 | | X | |

| | | | |
|---|---|---|---|
| USAO_GOOGLE_02_00005774 | | X | |
| USAO_GOOGLE_02_00005783 | | X | |
| USAO_GOOGLE_02_00005790 | | X | |
| USAO_GOOGLE_02_00005794 | | X | |
| USAO_GOOGLE_02_00005803 | | X | |
| USAO_GOOGLE_02_00005806 | | X | |
| USAO_GOOGLE_01_00066119 | | X | |
| USAO_GOOGLE_01_00066120 | | X | |
| USAO_GOOGLE_02_00005820 | | X | |
| USAO_GOOGLE_01_00066125 | | X | |
| USAO_GOOGLE_01_00066126 | | X | |
| USAO_GOOGLE_01_00066132 | | X | |
| USAO_GOOGLE_01_00066133 | | X | |
| USAO_GOOGLE_01_00081556 | | | |