# Exhibit 12



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javitz Building*
*26 Federal Plaza*
*New York, New York 10278*

July 18, 2025

**BY EMAIL**

Jonathan S. Sack, Esq.
Jeremy Temkin, Esq.
Morvillo Abramowitz Grand Iason & Anello PC
565 Fifth Avenue
New York, NY. 10017

> Re:    *United States v. S. Kenneth Leech, II*, 24 Cr. 658 (GHW)

Dear Counsel:

We write in response to your July 2, 2025 letter regarding the defendant's privilege assertions and the Filter Team's process in this case.

As outlined in our prior letters, your criticisms of the Filter Team's process are not legally supported or grounded in the record. The Government undertook its review in good faith and followed a reasonable privilege-review protocol to identify potentially privileged materials and screen the Prosecution Team from those materials. The Government appreciates that your letters do not accuse the Prosecution Team of bad faith. Nor could you sustain such an allegation on this record, as the Prosecution Team took repeated steps to protect the defendant's privilege in good faith, including, the use of a Filter Team before the Prosecution Team's review of warrant returns; the Prosecution Team's diligence in pausing its review whenever it came across material that appeared like it could be potentially privileged; and the Prosecution Team's willingness to involve defense counsel in making privilege assertions prior to this case being charged.

Our prior letters also explained why the defendant's privilege claims over communications between your client and non-lawyers and communications that he sent to himself improperly stretch *Kovel* and work product protection. Indeed, your latest correspondences acknowledges that the defendant "engaged in communications with his *Kovel* experts that do not implicate the *Kovel* privilege," (Letter at 7), and simply sets aside the Second Circuit's opinion in *Bice* as a "non-binding summary order." *Id.* at 7-8. Further still, you now claim that the defendant's Google search queries were "performed in order to prepare drafts at the direction of counsel." *Id.* at 7. The Government does not understand this explanation, but to the extent that it suggests that defense counsel directed the defendant to perform a Google search (rather than perform the search), that strains belief and is not a proper invocation of privilege.

On June 9, 2025, the Government produced a set of responsive materials from the search warrants. In your July 2 letter, you asked that we identify any materials from the search warrant returns that we intend to offer at trial. In response to your question, based on our current understanding of the issues that will be in dispute at trial, and our evaluation of those materials,

the Government does not intend to offer at trial any of the search warrant materials.[1]  However, there are a considerable number of documents that are segregated from the Prosecution Team as potentially privileged.  If the defense files a motion regarding the Warrant returns, including any motion based on the premise that the Prosecution Team was improperly exposed to the privileged materials, the Government reserves the right to contest the defense's privilege claims, affirmatively seek rulings from the Court on the defendant's privilege claims, and, depending on the Court's decision, to review any documents that are not presently in the Prosecution Team's possession that the Court decides are not privileged, both for responsiveness to the Government's search warrant and for potential use at trial (if any documents are responsive).

In response to the second question in your July 2 letter, we are not aware of any statute, rule, or legal authority that requires the production of communications between the prosecution team and the filter team, or the review protocol employed by the filter team. We therefore respectfully decline to produce materials in response to that request.  As to your third request, we refer you to our June 11, 2025 letter and its accompanying Exhibit A.

Very truly yours,

SEAN BUCKLEY
Attorney for the United States


By:  s/
        Peter Davis
        Thomas Burnett
        Assistant United States Attorneys

---

[1] On June 27, 2025, we asked if defense counsel would confer regarding the pretrial motions.  You did not respond to our request to meet and confer until after you latest correspondence.