# Exhibit 13

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG
LISA ZORNBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

jsack@maglaw.com
(212) 880-9410

COUNSEL
JOSHUA BUSSEN
PIPPA HYDE***

RETIRED/PARTNER EMERITUS
PAUL R. GRAND

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT
***ALSO ADMITTED IN ENGLAND AND WALES

July 28, 2025

**By Email (peter.davis2@usdoj.gov & thomas.burnett@usdoj.gov)**

Peter J. Davis, Esq.
Thomas Burnett, Esq.
Assistant United States Attorneys
Southern District of New York
United States Department of Justice
26 Federal Plaza
New York, NY 10278

Re:    *United States v. Leech*, No. 24 Cr. 658 (GHW) (S.D.N.Y.)

Dear Peter and Tom:

Following our call on July 22, 2025, we write to memorialize our understanding of the government's position regarding search warrant returns for Apple and Google accounts associated with our client Ken Leech (the "Search Warrant Materials").

In your July 18, 2025 letter, you stated that, "based on [y]our current understanding of the issues that will be in dispute at trial," "the Government does not intend to offer at trial any of the search warrant materials." July 18 Letter at 1–2.  You further stated that:

> [T]here are a considerable number of documents that are segregated from the Prosecution Team[1] as potentially privileged. If the defense files a motion regarding the Warrant returns, including any motion based on the premise that the Prosecution Team was improperly exposed to the privileged materials, the Government reserves the right to contest the defense's privilege claims, affirmatively seek rulings from the Court on the defendant's privilege claims, and, depending on the Court's decision, to review any documents that are not presently in the Prosecution Team's possession that the Court

---

[1] Your letter dated November 4, 2024 defines the "Prosecution Team" as "the team in charge of this prosecution." That definition is incorporated in this letter.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P. C.

Peter J. Davis, Esq.
Thomas Burnett, Esq.
July 28, 2025
Page 2 of 2

> decides are not privileged, both for responsiveness to the Government's search warrant and for potential use at trial (if any documents are responsive).

July 18 Letter at 2.

During our call on July 22, 2025, you clarified your position regarding the Search Warrant Materials. We discussed both the Search Warrant Materials to which the Prosecution Team currently has access, as well as the Search Warrant Materials that are currently segregated from the Prosecution Team (the "Currently Segregated Materials"). Based on your previous letters and our call on July 22, 2025, we understand that the government will not use any of the materials to which it currently has access at trial for any purpose, including in the government case in chief, as impeachment material, or in any rebuttal case by the government, and that this position is not contingent on the defense refraining from making a motion regarding the Search Warrant Materials.

We further understand that, if the defense does not make a motion regarding the Search Warrant Materials, the government will not contest the defense's privilege designations or seek to use the Currently Segregated Materials at trial for any purpose. If, however, the defense makes a motion regarding the Search Warrant Materials, the government reserves the right to (1) contest the defense's privilege designations regarding the Currently Segregated Materials, (2) affirmatively seek rulings from the Court on the defendant's privilege claims over the Currently Segregated Materials, and (3) use the Currently Segregated Materials at trial for any purpose.

Please let us know if our understanding regarding your position is correct. So that we may consider your position when determining what motions to file, we ask that you respond by Friday, August 1, 2025.

If you have any questions, please do not hesitate to contact me or my colleagues.

Very truly yours,

/s/ *Jonathan S. Sack*
Jonathan S. Sack
Jeremy H. Temkin