

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

March 6, 2026

**BY ECF**

Hon. Gregory H. Woods
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:     <u>United States</u> v. <u>S. Kenneth Leech II</u>, 24 Cr. 658 (GHW)

Dear Judge Woods:

      The Government writes in response to the defendant's March 3, 2026, letter arguing that trade memos he helped prepare (the "Memos") are inadmissible.

      As explained in the Government's briefing, the Memos are admissible because they are either the defendant's own statements, or because they are statements that the defendant authorized his agents to make. The defendant's claim that the Memos are not admissible as agency statements because of *United States v. McKeon*, 738 F.2d 26 (2d Cir. 1984), misapplies that decision.

      For one, *McKeon* does not apply to the Memos. *McKeon* addressed whether the Government could introduce at trial statements that a defendant's attorney made during a jury address at a prior trial. The Circuit has been careful to state that *McKeon* was limited to "the evidentiary use of prior jury argument," and does not "apply to the use of all statements by defense counsel." *United States v. Amato*, 356 F.3d 216, 219 (2d Cir. 2004) (citing *United States v. Arrington*, 867 F.2d 122, 127-28 (2d Cir. 1989). That limitation is important because the analysis in *McKeon* was tailored to the context of jury addresses, discussing factors such as the "inconsistency" between a prior jury address and factual claims at a subsequent trial.

      What is more, the policy considerations articulated in *McKeon* weigh in favor of admitting the Memos. First, the Memos would not "consume substantial time to pursue marginal matters." *McKeon*, 738 F.2d at 32-33. The heart of this case is about the defendant's trading and allocation decisions, and the Memos purport to reflect the defendant's "best reconstruction" of the reasons for certain trades and allocations during the relevant period. (Dkt. 77-2, 77-5, 77-8, 77-11, 77-14). The Government should be able to use the Memos to prove that the explanations the defendant and his agents proffered for certain trades and allocations do not make sense or are inconsistent with other evidence. And that need is heightened if the defendant testifies, or the defense presents expert witnesses to describe factors a trader in the defendant's position may, or may not, have considered.

      Second, introducing the Memos does not create a risk that the jury will be "misled [about] the [G]overnment's obligation to prove all the elements" of the crime. *McKeon*, 738 F.2d at 32-33. Courts routinely allow the Government to offer a defendant's false exculpatory statement as

evidence of guilt. The Memos are no different. The defendant and his agents tried to provide a legitimate explanation for some of his conduct, so the Government can prove they are untrue. If the defendant wants to explain the context of how the Memos were created, that can efficiently be done by calling a witness who was involved in their creation, or highlighting for the jury the portion of the Memos that explains how they were created. Giving that context will neither waste time nor present a greater danger of burden shifting than any other time a defendant's statement is offered.

Third, the Memos will not "deter counsel from vigorous and legitimate advocacy." *McKeon*, 738 F.2d at 32-33. The defense will, presumably, argue that the Government has failed to prove the defendant had fraudulent intent when allocating trades. The Memos do not put the defense in an unfair bind because they purport to show that the defendant had legitimate reasons for allocating certain trades. To the extent the Memos influence arguments the defense may make, that is no different than the way a defendant's prior statements influence defense strategy in any trial. There is no uniquely unfair prejudice from the Memos.

Finally, the defense has not articulated how admitting the Memos would "seriously affect" other rights or harm the defendant's choice of counsel. *Id.* Introducing the Memos will not conflict defense counsel off of the case. And if the defense wants to argue that any inconsistencies between the Memos and other arguments were caused by mistake, insufficient information, or some other misunderstanding, they are free to make that argument in the same way that they would if the Government offered a post-arrest statement from the defendant that was inconsistent with other evidence. The jury's consideration of the Memos will not interfere with the defendant's rights.

The Second Circuit's decisions addressing the use of attorney statements also support admitting the Memos. *McKeon* itself affirmed admitting statements from a defense lawyer's prior jury address, even though a jury address is, by its nature, far more argumentative and lawyer driven than the Memos are. And when the Circuit has found it was correct to exclude a defense-lawyer's statements, it did so in the context of a statement made during an informal, out-of-court discussion of bail conditions that was not relevant to an element of the offense. *United States v. Valencia*, 826 F.2d 169, 173 (2d Cir. 1987). Here, by contrast, the Memos are far from off-the-cuff comments in bail discussions: they are detailed, thought out, and (at minimum) involved the defendant's input, consultation, and review. They bear all the hallmarks of agent statements and so should be admitted at trial.

Finally, the defendant's effort to exclude the Memos under Rule 403 fails for the same reasons that the *McKeon* factors weigh in favor of admissibility. The evidence is highly probative to an important issue at trial, and the Memos will neither confuse nor mislead the jury because the Memos themselves describe the context of their creation. Introducing the Memos will not turn into a mini-trial about the creation of those documents.

In short, to the extent the Court is considering admissibility of the Memos under Rules 801(d)(2)(C) or (D), the Second Circuit's rules concerning the evidentiary use of an attorney's factual representations are not a bar to admissibility, and Rule 403 weighs in favor of admission.

Respectfully submitted,

SEAN BUCKLEY
Attorney for the Government

by: __/s/ _____
Thomas Burnett/Peter Davis
Assistant United States Attorneys

Lindsey Keenan
Special Assistant United States Attorney
(212) 637-2468/1064/6523

cc: Counsel (by ECF)

3