# Exhibit A

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

| | | |
|---|---|---|
| **AMERICAS** | One Liberty Plaza | **EUROPE & MIDDLE EAST** |
| NEW YORK | New York, NY 10006-1470 | ABU DHABI |
| SAN FRANCISCO | T: +1 212 225 2000 | BRUSSELS |
| SÃO PAULO | F: +1 212 225 3999 | COLOGNE |
| SILICON VALLEY | | LONDON |
| WASHINGTON, D.C. | clearygottlieb.com | MILAN |
| **ASIA** | | PARIS |
| HONG KONG | | ROME |
| SEOUL | D: +1 (212) 225-2950 | |
| | jkim@cgsh.com | |

January 23, 2026

VIA E-MAIL
The Honorable Gregory H. Woods
U.S. District Judge, Southern District of New York
United States District Court
500 Pearl Street
New York, NY 10007-1312

Re: *Ex Parte* Motion for Rule 17(c) Subpoenas

Dear Judge Woods:

Enclosed please find a motion for Rule 17(c) subpoenas for ███████, ███████, and ███████. This motion is being submitted *ex parte*.

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

*/s/ Joon H. Kim*
Joon H. Kim
Mitchell Kohles
One Liberty Plaza
New York, New York 10006
(212) 225-2950

MORVILLO ABRAMOWITZ GRAND IASON &
ANELLO, P.C.

*/s/ Jonathan S. Sack*
Jonathan S. Sack
Jeremy H. Temkin
Joshua Bussen
565 Fifth Avenue New York, NY 10017
(212) 856-9600

*Attorneys for Defendant S. Kenneth Leech II*

Cleary Gottlieb Steen & Hamilton LLP or an affiliated entity has an office in each of the locations listed above.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
UNITED STATES OF AMERICA,          )
            )
     -v-              )          24 Cr. 658 (GHW)
            )
S. KENNETH LEECH II,          )
            )
       *Defendant*.      )
------------------------------------------------------------- X

## DEFENDANT S. KENNETH LEECH II'S
## EX PARTE MOTION FOR THE ISSUANCE OF RULE 17(C) SUBPOENAS

Dated: January 23, 2026          MORVILLO ABRAMOWITZ
     New York, New York        GRAND IASON & ANELLO, P.C.

                            Jonathan S. Sack
                            Jeremy H. Temkin
                            Joshua Bussen
                            565 Fifth Avenue
                            New York, NY 10017
                            (212) 856-9600

                            CLEARY GOTTLIEB STEEN &
                            HAMILTON LLP

                            Joon H. Kim
                            Mitchell Kohles
                            One Liberty Plaza
                            New York, New York 10006
                            (212) 225-2000

                            *Attorneys for Defendant S. Kenneth Leech II*

Pursuant to Federal Rule of Criminal Procedure 17(c), Defendant S. Kenneth Leech II, by and through undersigned counsel, respectfully submits this *ex parte* motion requesting the issuance of subpoenas *duces tecum* directed to ██████, ██████, and ██████ ██████ to produce documents as set forth in Attachments A, B, C (the "Subpoenas").  This is Mr. Leech's first *ex parte* application.  *See* Local Crim. R. 47.1.

During the period relevant to this indictment, ██████ and ██████[1] were employed at Western Asset Management ("Western")—as a senior portfolio manager and portfolio analyst, respectively—and during that time worked with Mr. Leech.  The discovery provided to the defense by the government makes clear that while they worked at Western, they regularly interacted with Mr. Leech and communicated with others about him and his trading activity.  For ██████, that included regular communication with ██████, an employee at ██████, with whom ██████ discussed, among other things, Mr. Leech's trading.  In addition, based on their own review and analyses of Mr. Leech's trading and allocations they conducted in the fall of 2023, ██████ and ██████ each made whistleblower reports to the Securities and Exchange Commission ("SEC") and since then, have met multiple times with the prosecution team, providing information that has been used to advance the government's case.  The government has represented, in their recent filings to the Court, that ██████ and ██████ "are fact witnesses who are expected to testify about their work at [Western], their discovery that the defendant favored certain funds over others, and their review of his trading."  (Govt's Opp. to Def.'s Mots. in Limine at 3–4, Dkt. 73).  The requested Subpoenas seek documents and communications from ██████, ██████, and ██

---

[1] Mr. Leech's prior filings have referred to ██████ as the "Portfolio Manager" and ██ ██ as the "Analyst."  (*See, e.g.,* Mem. in Support of Def.'s Omnibus Mots. in Limine at 8, Dkt. 58).

████████ that are material and relevant to the defense and that meet the standard for an issuance *ex parte* of a Rule 17(c) subpoena for pre-trial production.

## FACTUAL BACKGROUND

On November 25, 2024, a federal grand jury in the Southern District of New York returned an indictment against Mr. Leech, alleging that he engaged in a criminal cherry-picking scheme between 2021 and 2023 as Chief Investment Officer of Western by systematically favoring certain strategies over others in allocating trades. The indictment charges Mr. Leech with five counts: investment advisor fraud, securities fraud, commodity trading advisor fraud, commodities fraud, and making false statements to the SEC. On December 16, 2024, Mr. Leech pleaded not guilty on all counts, and trial is set to begin before this Court on April 6, 2026.

████████, ██████, and ████████ have in their possession material that is directly relevant to this case.

First, during the period relevant to the indictment, ████████ worked at Western as a senior Portfolio Manager, interacting with Mr. Leech regularly and having responsibilities relating to Western's investments and client service operations. ██████ also worked at Western during this period, and as a Portfolio Analyst, supported a number of traders and portfolio managers, including Mr. Leech.

Second, the discovery provided by the government makes clear that ████████ and █ ████ personally reviewed and analyzed Mr. Leech's trading and allocation activity and used that information to make separate whistleblower complaints to the SEC. The government's discovery indicates that information provided by ████████ and ████████ played an important role in framing and advancing the government investigation, and the government has expressed its intention of introducing wide-ranging testimony from both. (Govt's Opp. to Def.'s Mots. in

Limine at 3–11, Dkt. 73).  The government's discovery also shows that ██████ and ██ ██ communicated with each other about reporting information to the SEC, including an email ██████ sent from his personal email account on November 15, 2023, discussing a conversation he had with ██████ about whistleblowing to the SEC.  Although the defense has not yet received 3500 material, the discovery it has received to date shows that ██████ has met with or otherwise communicated with the government on more than ten occasions between November 14, 2023 and November 21, 2024, prior to Mr. Leech's indictment; ██████ appears to have done so at least three times.  ██████ meetings, in particular, have included providing presentations that contained detailed analyses of Mr. Leech's trading allocations.

Third, the government's discovery also reveals that ██████ frequently communicated with ██████ throughout the day (including during the workday), often about trading strategies and performance of Western funds, including specifically about Mr. Leech and his trading activity.  For example, in conversations between ██████ and ██ ██████, ██████ described the trading activities of Mr. Leech (whom he referred to as his "boss").  *See, e.g.*, SDNY_LEECH_R10_00711726 ("[M]y boss adding materially").  He also regularly praised Mr. Leech's expertise and experience, particularly relative to his own.  *See, e.g.*, SDNY_LEECH_R10_00711014 ("My boss bought a ton . . . He's so good"); SDNY_LEECH_R10_00712346 ("I can't get anything right").  Although the government's production has included Bloomberg instant messages maintained by Western for ██████ (including some with ██████), they did not include any other chats or other forms of messaging from any of ██████ other accounts, applications, or devices, or any chats or other messaging communications from ██████ (or any emails from his personal email account other than the one from November 2023 described above).

3

**LEGAL STANDARD**

Federal Rule of Criminal Procedure 17(c) permits parties in a criminal case to request the production in advance of trial of "books, papers, documents, data, or other objects" so long as compliance would not be "unreasonable or oppressive." Fed. R. Crim. P. 17(c). In *United States v. Nixon*, the Supreme Court applied a three-prong framework to a subpoena issued by the government to the President of the United States, holding that such subpoenas require a showing of: "(1) relevancy; (2) admissibility; and (3) specificity." *Nixon*, 418 U.S. 683, 700 (1974).

In assessing requests for Rule 17(c) subpoenas by defendants, a growing number of courts in the Second Circuit have "expressed doubt about the imbalance created by the *Nixon* standard," *United States v. Akhavan*, No. 20 Cr. 188 (JSR), 2021 WL 1251893, at *1 (S.D.N.Y. Apr. 4, 2021), and have endorsed a more lenient standard when production is "requested by (A) a criminal defendant (B) on the eve of trial (C) from a non-party (D) where the defendant has an articulable suspicion that the documents may be material to his defense," *United States v. Tucker*, 249 F.R.D. 58, 66 (S.D.N.Y. 2008). In this context, courts have found Rule 17(c) subpoena requests proper so long as they are (1) "reasonable, construed as material to the defense" and (2) "not unduly oppressive for the producing party to respond." *Id.*; *United States v. Weigand*, 520 F. Supp. 3d 609, 613 (S.D.N.Y. 2021) (Judge Rakoff adopting *Tucker* standard and describing it as "more consistent with the text of Rule 17(c)" and "modern principles of liberal discovery"); *see United States v. Rajaratnam*, 753 F. Supp. 2d 317, 321 n.1 (S.D.N.Y. 2011) (endorsing *Tucker* as a solution to the "puzzle" that a civil defendant has far broader subpoena powers with respect to non-parties than "a defendant on trial for his life or liberty"); *United States v. Goldstein*, No. 21 Cr. 550 (DC), 2023 WL 3662971, at *2 (E.D.N.Y. May 25, 2023) (adopting *Tucker*).

At the May 19, 2025 conference, the Court noted that it "frequently" receives applications for Rule 17(c) subpoenas *ex parte* and directed counsel to file such applications with the Court.  May 19, 2025 Hearing Tr. at 26.  This procedure is in line with the "long followed . . . practice" of courts in this District "of permitting . . . *ex parte* applications for Rule 17(c) subpoenas."  *United States v. Ray*, 337 F.R.D. 561, 571 (S.D.N.Y. 2020); *see also United States v. Florack*, 838 F. Supp. 77, 79 (W.D.N.Y. 1993).  Courts find "good cause" for proceeding *ex parte* in numerous circumstances, including when necessary to avoid forcing the defendant to reveal trial strategy, witness lists, or other attorney work-product.  *Ray*, 337 F.R.D. at 572; *United States v. Reyes*, 162 F.R.D. 468, 470 (S.D.N.Y. 1995); *see also United States v. Beckford*, 964 F. Supp. 1010, 1027 (E.D. Va. 1997).[2]

## **ARGUMENT**

### I.    **The Proposed Subpoenas Satisfy the Legal Standard Set Forth in *Tucker***

The Subpoenas satisfy both elements of the *Tucker* standard, which requires that a Rule 17(c) subpoena for a defendant be "reasonably construed as 'material to the defense,'" and not "unduly oppressive."  *Weigand*, 520 F. Supp. 3d at 612; *see also Tucker*, 249 F.R.D. 58, 66 (S.D.N.Y. 2008).

First, by requesting information that is "material to the defense," the Subpoenas satisfy the first requirement under *Tucker*.  "All the Court must" find for this element to be satisfied is that the "subpoena seeks relevant information."  *Weigand*, 520 F. Supp. 3d at 614; *see Tucker*, 249 F.R.D. at 66 (discussing relevancy when analyzing "materiality").  Here, the Subpoenas,

---

[2] We respectfully request that the Court accept this application *ex parte,* and maintain it under seal.  To the extent the Court believes that this application should not be made under seal and *ex parte*, we request that the Court provide us the opportunity to withdraw the application rather than reveal defense strategy to the government.

seeking documents and communications about Mr. Leech, including those relating to his trading and allocations, are relevant and material to the defense.  The government charges Mr. Leech with intentionally and fraudulently favoring one set of Western strategies, at the expense of another, based on unrealized first-day performance.  (Indictment ¶ 13).  What ██████████, a senior portfolio manager, and ████████, a portfolio analyst, communicated about Mr. Leech's trading and allocations during the period covered by the indictment, including with people outside of Western such as ██████████, is plainly relevant.  That is particularly so considering ██████████ and ████████ analyzed Mr. Leech's trading and allocations themselves and then made whistleblower allegations to the SEC, ultimately being interviewed by the government repeatedly, and in the case of ██████████, making presentations on this very subject.  *See, e.g.,* SDNY_LEECH_R01_00217349–00217369 (PowerPoint presentation entitled "Analysis of Leech's Allocation Decisions").

Second, the requested Subpoenas are not "unduly oppressive."  *Tucker*, 249 F.R.D. at 66. The Subpoenas seek a discrete set of materials that likely already has been gathered or can easily be identified and collected.  They request the production of documents and communications that relate to one individual, Mr. Leech, for a limited period of time.  The communications that ██ ██████ and ████████ had with each other and with third parties such as ██████████, about Mr. Leech, as well as various analyses they conducted of Mr. Leech's trading and allocations, can easily be identified and segregated based on the recipient and subject matter of the communications.

Thus, the Subpoenas readily satisfy the *Tucker* standard that has been adopted by a number of courts in this District.

6

## II.    The Proposed Subpoenas Also Satisfy the *Nixon* Requirements

While we respectfully submit that *Tucker* sets forth the appropriate legal standard here, the Subpoenas also satisfy *Nixon*'s three requirements of relevance, admissibility, and specificity. *See Nixon*, 418 U.S. at 700.

First, as discussed above, the Subpoenas meet the relevance requirement under *Nixon* of a "'sufficient likelihood' that [the] requests [will] reach materials 'relevant to the offenses charged in the indictment.'" *United States v. Bergstein*, 2018 WL 9539846, at *2 (S.D.N.Y. Dec. 28, 2017) (quoting *Nixon*, 418 U.S. at 700).

Second, the Subpoenas also seek evidence that satisfy the "admissibility" element under *Nixon.*  Given the "difficult[y] at the pretrial stage" of "determin[ing] with precision . . . admissibility," *United States v. Zhiqiang Zhang*, No. Cr. 10-00827 (LHK) (HRL), 2012 WL 195509, at *2 (N.D. Cal. Jan. 23, 2012), courts have applied a "presumption of admissibility" once a subpoena proponent has made a "showing of relevance," *Bergstein*, 2018 WL 9539846, at *2 (citing *United States v. Rajaratnam*, 753 F. Supp. 2d at 320 n.1).  Applying this presumption, courts can wait to make a more informed, ultimate determination of admissibility once a party actually moves to admit subpoenaed records.  *See Bergstein*, 2018 WL 9539846, at *2 (waiting to "address the issues of relevance and admissibility" until a party moves to admit subpoenaed records, even though the court had "doubts that the materials" requested would be "relevant to issues of intent, materiality, and loss," and thus, be admissible non-hearsay); *Weigand*, 520 F. Supp. 3d at 615 (holding that non-party's objection that 17(c) subpoena seeks only inadmissible hearsay is "[a]t this stage . . . too speculative to support the motion to quash").  But here, it is easy to see how the documents and communications sought by the Subpoenas would be admissible, as the government has made clear that they intend to introduce testimony from █

████████ and ████████ about their interactions with Mr. Leech, his trading and allocations, and their review of his allocations.  For example, among other bases, statements that ████████ and ████████ made about Mr. Leech and his trading during the period of time relevant to the indictment would likely be admissible as a present sense impression under Rule 803(1) regardless of whether they testify, or as a recorded recollection under Rule 803(5).

Third, the Subpoenas are also sufficiently specific under *Nixon*.  Requests typically satisfy this element if they are limited "to a reasonable period of time" and "state[] with reasonable particularity the subjects to which the documents relate." *United States v. RW Professional Leasing Services Corp.*, 228 F.R.D. 158, 162 (E.D.N.Y. Apr. 20, 2005).  Not surprisingly, "a defendant need not have prior knowledge of specific documents," *United States v. Weisberg*, No. 08 Cr. 347 (NGG), 2011 WL 1327689, at *7 (S.D.N.Y. Apr. 5, 2011), or their "exact content," *United States v. W.R. Grace*, 434 F. Supp. 2d 869, 873 (D. Mont. 2006); *see also Rajaratnam*, 753 F. Supp. 2d at 321 n.1.  As noted above, the Subpoenas focus on specific subjects relating to one individual, Mr. Leech, over a limited period of time.  They are consequently "sufficiently narrowly focused on a group of records likely to contain helpful documents." *Weisberg*, 2011 WL 1327689, at *7; *see Rajaratnam*, 753 F. Supp. 2d at 322 (finding request for "all documents reflecting communications between" identified set of individuals to be specific); *see United States v. Binday*, No. 12 Cr. 152 (CM), 2013 WL 4494659, at *3 (S.D.N.Y. Aug. 15, 2013) (describing modified subpoena for documents connected to internal investigations for fraud over six-year period as "narrowly tailored").

Thus, the Subpoenas satisfy all three of the requirements under *Nixon* for Rule 17(c) subpoenas.

8

### III.     The Proposed Subpoenas Should be Issued *Ex Parte*

Mr. Leech requests that the application for the Rule 17(c) Subpoenas be issued *ex parte*, as their disclosure to the government would reveal trial strategy, including the defense's focus and intent on using statements that ███████ and ███████ made about Mr. Leech's trading and his allocations.  Courts have identified risk of disclosing defense strategy as a paradigmatic reason to issue Rule 17(c) subpoenas *ex parte*.  *See United States v. Ray*, 337 F.R.D. 561, 572 (S.D.N.Y. 2020) (describing the danger of "forc[ing]" "a party . . . to reveal" "its trial strategy or witness list" in order to seek a 17(c) subpoena as a "strong policy reason" for allowing *ex parte* applications (quoting *United States v. Reyes*, 162 F.R.D. 468, 470 (S.D.N.Y. 1995)).  Consequently, issuing the Subpoenas *ex parte* would be both appropriate and within the court's discretion here.  And this Court has advised counsel that it frequently proceeds *ex parte* for Rule 17(c) subpoena requests from defendants.  May 19, 2025 Hearing Tr. at 26.

### CONCLUSION

For the reasons set forth above, Mr. Leech respectfully requests that the Court issue the attached Rule 17(c) Subpoenas and that it do so *ex parte*.

Dated: January 23, 2026
      New York, New York

MORVILLO ABRAMOWITZ
GRAND IASON & ANELLO, P.C.

*/s/ Jonathan S. Sack*
Jonathan S. Sack
Jeremy H. Temkin
Joshua Bussen
565 Fifth Avenue
New York, NY 10017
(212) 856-9600

CLEARY GOTTLIEB STEEN &
HAMILTON LLP

*/s/ Joon H. Kim*
Joon H. Kim
Mitchell Kohles
One Liberty Plaza
New York, New York 10006
(212) 225-2000

*Attorneys for Defendant S. Kenneth Leech II*

# ATTACHMENT A

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
### for the
### Southern District of New York

| United States of America | ) | |
| v. | ) | |
| S. Kenneth Leech II | ) | Case No.   24 Cr. 658 (GHW) |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
### OBJECTS IN A CRIMINAL CASE

To: ▮▮▮▮▮▮

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See Rider A, attached.

| Place: | Date and Time: |
|---|---|
| Joon H. Kim, Mitchell Kohles          Jonathan S. Sack, Jeremy H. Temkin, Joshua Bussen<br>Cleary Gottlieb Steen & Hamilton LLP    Morvillo Abramowitz Grand Iason & Anello, P.C.<br>One Liberty Plaza, New York, NY 10006  565 Fifth Avenue, New York, NY 10017 | |

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

*(SEAL)*

Date: _____

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   S. Kenneth Leech II
_____, who requests this subpoena, are:

| | |
|---|---|
| Joon H. Kim, Mitchell Kohles<br>Cleary Gottlieb Steen & Hamilton LLP<br>One Liberty Plaza, New York, NY 10006, jkim@cgsh.com, (212) 225-2950 | Jonathan S. Sack, Jeremy H. Temkin, Joshua Bussen<br>Morvillo Abramowitz Grand Iason & Anello, P.C.<br>565 Fifth Avenue, New York, NY 10017, jsack@maglaw.com, (212) 856-9600 |

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.   24 Cr. 658 (GHW)

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

**(1)  In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2)  Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

**(3)  Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d)  Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e)  Place of Service.**

**(1)  In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

**(2)  In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g)  Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

**Rider A:** ███████████ **17(c) Subpoena**

**Request:**

1.  Documents and Communications relating to S. Kenneth Leech II ("Leech") from the Relevant Period. This includes, but is not limited to, Documents and Communications relating to:

    a.  Leech's trading and allocations;

    b.  Analyses conducted of Leech's trading and allocations, including analyses, presentations, drafts of any such analyses, and notes taken of meetings, calls, or other communications with government authorities submitted to government authorities, and communications with any third parties regarding such analyses;

    c.  Communications with ███████████ and ███████████ relating to Leech.

2.  Documents and Communications from the Relevant Period relating to whistleblowers and whistleblowing activity, including arrangements with whistleblower counsel and potential financial recovery.

**Definitions:**

The following Definitions apply throughout these Requests without regard to capitalization.

1.  "Communication(s)" includes every manner or method of disclosure or transfer or exchange of information however made and between any person. This includes without limitation statements, admissions, denials, inquiries, discussions, conversations, negotiations, agreements, contracts, understandings and meetings, regardless of whether such communications are or were conducted in person, by telephone, mail, email, text message, chat, instant message, personal delivery, or otherwise.

2.  "Document(s)" includes without limitation any Communications, writings, drawings, graphs, charts, photographs, phone records, tape recordings, notes, diaries, calendars, checkbooks, books, papers, accounts, audio, electronic or videotape recordings, emails, text messages, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), iPhones, iPads, and other similar devices.

3.  "Government authorities" means any agency or entity of the United States federal government or a state or local government.

4.  "Relating to" any given subject means that which may assess, concern, constitute, contain, describe, discuss, embody, evidence, identify, record, reflect, regard, show, state, or refer or relate, directly or indirectly, in any way, to the subject matter identified.

1

5. "Analysis" or "Analyses" means any examination, investigation, inspection, review, research, or inquiry, or any preliminary steps in furtherance of such examination, investigation, inspection, review, research, or inquiry.

All words and phrases not otherwise defined herein shall be construed in accordance with their plain and ordinary meaning.

**Instructions:**

1. Unless otherwise specified, these Requests pertain to the period January 1, 2020 to the present (the "Relevant Period").

2. Unless otherwise specified, each Request shall be construed independently and not by reference to any other Request for the purpose of limitation or exclusion, except that each Request shall not be construed to call for Documents that are called for by previous Requests.

3. In responding to these Requests, you are required to produce all requested Documents in your possession, custody, or control, including others acting or purporting to act on your behalf, regardless of location. A Document shall be deemed to be within your control if you have the right to secure the Document or a copy of the Document from another person having possession or custody of the Document.

4. If any portion of a Document is responsive to any Request, the entire Document shall be produced. A request for a Document shall be deemed to include a request for any and all file folders or binders within which the Document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document in addition to the Document itself. All Documents requested herein shall be produced in their entirety, along with any attachments, drafts, and non-identical copies, including copies that differ due to handwritten notes or other notes or markings. In the event that a copy of a requested Document is not identical to any other copy of the same Document in your possession, custody, or control, all non-identical copies shall be produced. If any of these Documents cannot be produced in full, produce them to the extent possible, specifying the reasons for your inability to produce the remainder and stating whatever information, knowledge, or belief you have concerning the unproduced portion.

5. If you withhold any of the requested Documents or portions of Documents under a claim of privilege, immunity, or protection, including the attorney-client privilege, you shall provide a written privilege log that sets forth the following information: (i) each document withheld; (ii) the type of document withheld (memorandum, letter, report, e-mail, etc.); (iii) the date of its creation, (iv) its subject matter; (v) its author; (vi) all individuals who drafted, sent, received or were to receive any copy or version of it; and (vii) the basis for withholding the document.

6. If information is redacted or otherwise withheld from a Document produced in response to a Request, you shall identify the redaction or otherwise withheld information by stamping the word "Redacted" on the Document at each place from which information

2

has been redacted or otherwise withheld, and separately log each such redaction on the privilege log.

7.  In the event that any Document called for by these Requests has been destroyed or discarded, you shall provide a written document identifying the document so lost, discarded, or destroyed as completely as possible, providing at least the following information: (i) the type of document withheld; (ii) any addressor and addressee; (ii) any indicated or blind copy recipients; (iii) the document's date, subject matter, number of pages, and attachments or appendices; (iv) all persons to whom the document was distributed, shown, or explained; (v) the document's date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; and (vi) the persons authorizing and carrying out such destruction or discard.

8.  These Requests are continuing in nature. If you discover further or different information, you are required to serve supplementary and amended responses relevant to any of these Request and/or produce additional Documents.

# ATTACHMENT B

AO 89B  (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| S. Kenneth Leech II | )  Case No.   24 Cr. 658 (GHW) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
### OBJECTS IN A CRIMINAL CASE

To: ▮▮▮▮▮▮▮

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See Rider A, attached.

| Place: | Date and Time: |
|---|---|
| Joon H. Kim, Mitchell Kohles            Jonathan S. Sack, Jeremy H. Temkin, Joshua Bussen<br>Cleary Gottlieb Steen & Hamilton LLP    Morvillo Abramowitz Grand Iason & Anello, P.C.<br>One Liberty Plaza, New York, NY 10006   565 Fifth Avenue, New York, NY 10017 | |

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

*(SEAL)*

Date: _____

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    S. Kenneth Leech II
_____ , who requests this subpoena, are:

Joon H. Kim, Mitchell Kohles                          Jonathan S. Sack, Jeremy H. Temkin, Joshua Bussen
Cleary Gottlieb Steen & Hamilton LLP                 Morvillo Abramowitz Grand Iason & Anello, P.C.
One Liberty Plaza, New York, NY 10006, jkim@cgsh.com, (212) 225-2950   565 Fifth Avenue, New York, NY 10017, jsack@maglaw.com, (212) 856-9600

### Notice to those who use this form to request a subpoena
Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.  24 Cr. 658 (GHW)

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

**(1)  In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2)  Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

**(3)  Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d)  Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e)  Place of Service.**

**(1)  In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

**(2)  In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g)  Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

**Rider A:** ███████████ **17(c) Subpoena**

**Request:**

1. Documents and Communications relating to S. Kenneth Leech II ("Leech") from the Relevant Period.  This includes, but is not limited to, Documents and Communications relating to:

   a. Leech's trading and allocations;

   b. Analyses conducted of Leech's trading and allocations, including analyses, presentations, drafts of any such analyses, and notes taken of meetings, calls, or other communications with government authorities submitted to government authorities, and communications with any third parties regarding such analyses;

   c. Communications with ███████████ relating to Leech.

2. Documents and Communications from the Relevant Period relating to whistleblowers and whistleblowing activity, including arrangements with whistleblower counsel and potential financial recovery.

**Definitions:**

The following Definitions apply throughout these Requests without regard to capitalization.

1. "Communication(s)" includes every manner or method of disclosure or transfer or exchange of information however made and between any person. This includes without limitation statements, admissions, denials, inquiries, discussions, conversations, negotiations, agreements, contracts, understandings and meetings, regardless of whether such communications are or were conducted in person, by telephone, mail, email, text message, chat, instant message, personal delivery, or otherwise.

2. "Document(s)" includes without limitation any Communications, writings, drawings, graphs, charts, photographs, phone records, tape recordings, notes, diaries, calendars, checkbooks, books, papers, accounts, audio, electronic or videotape recordings, emails, text messages, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), iPhones, iPads, and other similar devices.

3. "Government authorities" means any agency or entity of the United States federal government or a state or local government.

4. "Relating to" any given subject means that which may assess, concern, constitute, contain, describe, discuss, embody, evidence, identify, record, reflect, regard, show, state, or refer or relate, directly or indirectly, in any way, to the subject matter identified.

1

5. "Analysis" or "Analyses" means any examination, investigation, inspection, review, research, or inquiry, or any preliminary steps in furtherance of such examination, investigation, inspection, review, research, or inquiry.

All words and phrases not otherwise defined herein shall be construed in accordance with their plain and ordinary meaning.

**Instructions:**

1. Unless otherwise specified, these Requests pertain to the period January 1, 2020 to the present (the "Relevant Period").

2. Unless otherwise specified, each Request shall be construed independently and not by reference to any other Request for the purpose of limitation or exclusion, except that each Request shall not be construed to call for Documents that are called for by previous Requests.

3. In responding to these Requests, you are required to produce all requested Documents in your possession, custody, or control, including others acting or purporting to act on your behalf, regardless of location. A Document shall be deemed to be within your control if you have the right to secure the Document or a copy of the Document from another person having possession or custody of the Document.

4. If any portion of a Document is responsive to any Request, the entire Document shall be produced. A request for a Document shall be deemed to include a request for any and all file folders or binders within which the Document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document in addition to the Document itself. All Documents requested herein shall be produced in their entirety, along with any attachments, drafts, and non-identical copies, including copies that differ due to handwritten notes or other notes or markings. In the event that a copy of a requested Document is not identical to any other copy of the same Document in your possession, custody, or control, all non-identical copies shall be produced. If any of these Documents cannot be produced in full, produce them to the extent possible, specifying the reasons for your inability to produce the remainder and stating whatever information, knowledge, or belief you have concerning the unproduced portion.

5. If you withhold any of the requested Documents or portions of Documents under a claim of privilege, immunity, or protection, including the attorney-client privilege, you shall provide a written privilege log that sets forth the following information: (i) each document withheld; (ii) the type of document withheld (memorandum, letter, report, e-mail, etc.); (iii) the date of its creation, (iv) its subject matter; (v) its author; (vi) all individuals who drafted, sent, received or were to receive any copy or version of it; and (vii) the basis for withholding the document.

6. If information is redacted or otherwise withheld from a Document produced in response to a Request, you shall identify the redaction or otherwise withheld information by stamping the word "Redacted" on the Document at each place from which information

2

has been redacted or otherwise withheld, and separately log each such redaction on the privilege log.

7. In the event that any Document called for by these Requests has been destroyed or discarded, you shall provide a written document identifying the document so lost, discarded, or destroyed as completely as possible, providing at least the following information: (i) the type of document withheld; (ii) any addressor and addressee; (ii) any indicated or blind copy recipients; (iii) the document's date, subject matter, number of pages, and attachments or appendices; (iv) all persons to whom the document was distributed, shown, or explained; (v) the document's date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; and (vi) the persons authorizing and carrying out such destruction or discard.

8. These Requests are continuing in nature. If you discover further or different information, you are required to serve supplementary and amended responses relevant to any of these Request and/or produce additional Documents.

# ATTACHMENT C

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
## for the
### Southern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| S. Kenneth Leech II | ) | Case No.  24 Cr. 658 (GHW) |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
## OBJECTS IN A CRIMINAL CASE

To: ████████████

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See Rider A, attached.

| Place: | Date and Time: |
|---|---|
| Joon H. Kim, Mitchell Kohles    Jonathan S. Sack, Jeremy H. Temkin, Joshua Bussen<br>Cleary Gottlieb Steen & Hamilton LLP    Morvillo Abramowitz Grand Iason & Anello, P.C.<br>One Liberty Plaza, New York, NY 10006  565 Fifth Avenue, New York, NY 10017 | |

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

*(SEAL)*

Date: _____

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    S. Kenneth Leech II
_____ , who requests this subpoena, are:

Joon H. Kim, Mitchell Kohles
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza, New York, NY 10006, jkim@cgsh.com, (212) 225-2950

Jonathan S. Sack, Jeremy H. Temkin, Joshua Bussen
Morvillo Abramowitz Grand Iason & Anello, P.C.
565 Fifth Avenue, New York, NY 10017, jsack@maglaw.com, (212) 856-9600

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.   24 Cr. 658 (GHW)

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

    **(1)  In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

    **(2)  Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

    **(3)  Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d)  Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e)  Place of Service.**

    **(1)  In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

    **(2)  In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g)  Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

**Rider A:** ██████████████    **17(c) Subpoena**

**Request:**

1. Communications with ███████████ relating to S. Kenneth Leech II ("Leech"), referred to frequently by ███████████ as his "boss," or relating to trading practices and policies at Western Asset Management from the Relevant Period. This includes, but is not limited to, Communications relating to:

    a. Leech's trading and allocations;

    b. Analyses conducted of Leech's trading and allocations, or reporting to government authorities about Leech;

    c. Documents where ███████████ refers to Leech.

**Definitions:**

The following Definitions apply throughout these Requests without regard to capitalization.

1. "Communication(s)" includes every manner or method of disclosure or transfer or exchange of information however made and between any person. This includes without limitation statements, admissions, denials, inquiries, discussions, conversations, negotiations, agreements, contracts, understandings and meetings, regardless of whether such communications are or were conducted in person, by telephone, mail, email, text message, chat, instant message, personal delivery, or otherwise.

2. "Document(s)" includes without limitation any Communications, writings, drawings, graphs, charts, photographs, phone records, tape recordings, notes, diaries, calendars, checkbooks, books, papers, accounts, audio, electronic or videotape recordings, emails, text messages, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), iPhones, iPads, and other similar devices.

3. "Government authorities" means any agency or entity of the United States federal government or a state or local government.

4. "Relating to" any given subject means that which may assess, concern, constitute, contain, describe, discuss, embody, evidence, identify, record, reflect, regard, show, state, or refer or relate, directly or indirectly, in any way, to the subject matter identified.

5. "Analysis" or "Analyses" means any examination, investigation, inspection, review, research, or inquiry, or any preliminary steps in furtherance of such examination, investigation, inspection, review, research, or inquiry.

All words and phrases not otherwise defined herein shall be construed in accordance with their plain and ordinary meaning.

**Instructions:**

1. Unless otherwise specified, these Requests pertain to the period January 1, 2020 to the present (the "Relevant Period").

2. Unless otherwise specified, each Request shall be construed independently and not by reference to any other Request for the purpose of limitation or exclusion, except that each Request shall not be construed to call for Documents that are called for by previous Requests.

3. In responding to these Requests, you are required to produce all requested Documents in your possession, custody, or control, including others acting or purporting to act on your behalf, regardless of location. A Document shall be deemed to be within your control if you have the right to secure the Document or a copy of the Document from another person having possession or custody of the Document.

4. If any portion of a Document is responsive to any Request, the entire Document shall be produced. A request for a Document shall be deemed to include a request for any and all file folders or binders within which the Document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document in addition to the Document itself. All Documents requested herein shall be produced in their entirety, along with any attachments, drafts, and non-identical copies, including copies that differ due to handwritten notes or other notes or markings. In the event that a copy of a requested Document is not identical to any other copy of the same Document in your possession, custody, or control, all non-identical copies shall be produced. If any of these Documents cannot be produced in full, produce them to the extent possible, specifying the reasons for your inability to produce the remainder and stating whatever information, knowledge, or belief you have concerning the unproduced portion.

5. If you withhold any of the requested Documents or portions of Documents under a claim of privilege, immunity, or protection, including the attorney-client privilege, you shall provide a written privilege log that sets forth the following information: (i) each document withheld; (ii) the type of document withheld (memorandum, letter, report, e-mail, etc.); (iii) the date of its creation, (iv) its subject matter; (v) its author; (vi) all individuals who drafted, sent, received or were to receive any copy or version of it; and (vii) the basis for withholding the document.

6. If information is redacted or otherwise withheld from a Document produced in response to a Request, you shall identify the redaction or otherwise withheld information by stamping the word "Redacted" on the Document at each place from which information has been redacted or otherwise withheld, and separately log each such redaction on the privilege log.

7. In the event that any Document called for by these Requests has been destroyed or discarded, you shall provide a written document identifying the document so lost,

2

discarded, or destroyed as completely as possible, providing at least the following information: (i) the type of document withheld; (ii) any addressor and addressee; (ii) any indicated or blind copy recipients; (iii) the document's date, subject matter, number of pages, and attachments or appendices; (iv) all persons to whom the document was distributed, shown, or explained; (v) the document's date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; and (vi) the persons authorizing and carrying out such destruction or discard.

8. These Requests are continuing in nature. If you discover further or different information, you are required to serve supplementary and amended responses relevant to any of these Request and/or produce additional Documents.

3

## CLEARY GOTTLIEB STEEN & HAMILTON LLP

| AMERICAS | One Liberty Plaza | EUROPE & MIDDLE EAST |
|---|---|---|
| NEW YORK | New York, NY 10006-1470 | ABU DHABI |
| SAN FRANCISCO | T: +1 212 225 2000 | BRUSSELS |
| SÃO PAULO | F: +1 212 225 3999 | COLOGNE |
| SILICON VALLEY | | LONDON |
| WASHINGTON, D.C. | clearygottlieb.com | MILAN |
| ASIA | | PARIS |
| HONG KONG | | ROME |
| SEOUL | D: +1 (212) 225-2950 | |
| | jkim@cgsh.com | |

**MEMORANDUM ENDORSED**

January 23, 2026

<u>VIA E-MAIL</u>
The Honorable Gregory H. Woods
U.S. District Judge, Southern District of New York
United States District Court
500 Pearl Street
New York, NY 10007-1312

Re:  <u>*Ex Parte* Motion for Rule 17(c) Subpoenas</u>

Dear Judge Woods:

Enclosed please find a motion for Rule 17(c) subpoenas for ███████, ███████, and ███████████.  This motion is being submitted *ex parte*.

Application granted.  Defendant's January 23, 2025 ex parte application for the issuance of Rule 17(c) subpoenas to ███████, █ and ███████ is granted. Defendant's counsel may issue subpoenas to each of those individuals in the form attached to the motion.  For the avoidance of doubt, the Court's approval of the motion does not foreclose objections to the subpoenas by their recipients or third parties with standing.

Because this application reveals confidential information regarding defense strategy, the Court concludes the the presumption of public access to judicial documents with respect to it is outweighed at this time.  As a result, the application and this order will be filed under seal.

SO ORDERED.
Dated:  January 25, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

*/s/ Joon H. Kim*
Joon H. Kim
Mitchell Kohles
One Liberty Plaza
New York, New York 10006
(212) 225-2950

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO, P.C.

*/s/ Jonathan S. Sack*
Jonathan S. Sack
Jeremy H. Temkin
Joshua Bussen
565 Fifth Avenue New York, NY 10017
(212) 856-9600

*Attorneys for Defendant S. Kenneth Leech II*

Cleary Gottlieb Steen & Hamilton LLP or an affiliated entity has an office in each of the locations listed above.